**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| TROPICAL FRUIT EXPORT SA<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. NO. ____________ |
| | § | Admiralty Rule 9(h) |
| M/V JSP AMIHAN f/k/a/<br>M/V VEGA NIKOLAS, her engines,<br>tackle, boilers, etc. *in rem,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| JSP AMIHAN SCHIFFFAHRTS, GMBH,<br>VEGA NIKOLAS SCHIFFFAHRTS; and<br>SEABOARD MARINE, LTD., INC.;<br>Defendants. | §<br>§<br>§<br>§ | |

# COMPLAINT

1. Plaintiff, Tropical Fruit Export, SA ("Tropical Fruit") by its attorneys, Cassidy & Black PA, complaining of the M/V JSP Amihan f/k/a M/V Vega Nikolas ("M/V Vega Nikolas), *in rem,* Vega Nikolas Schifffahrts GMBH ("Vega Nikolas"), JSP Amihan Schifffahrts GMBH & Co., KG ("JSP") and Seaboard Marine, LTD., Inc. ("Seaboard") (collectively "Defendants"), alleges upon information and belief:

**A.**

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or pursuant to 9 U.S.C.A. § 8, preservation of *in rem* security for arbitration.

**B.**

3. At and during all the times hereinafter mentioned, Tropical Fruit was the consignee and owner of the cargo in question and brings this action on its own behalf and

on behalf of all who may become interested in the cargo. Tropical Fruit had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4. At and during all the times hereinafter mentioned the M/V Vega Nikolas, Vega Nikolas Schifffahrts, JSP, and Seaboard had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**D.**

6. On or about April 28, 2016, at the port of Guayaquil, Ecuador, the M/V Vega Nikolas, JSP, Vega Nikolas Schifffahrts, and Seaboard received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Brooklyn, New York.

**E.**

7. Thereafter, the vessel arrived at the Port of Brooklyn, New York, where the cargo was found to have sustained physical damages due to, including but not limited to, temperature exposure, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants JSP, Vega Nikolas Schifffahrts, and Seaboard breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**

8. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition or short delivered, which condition did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

9. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**H.**

10. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

11. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of FORTY-ONE THOUSAND TWENTY-SIX AND 49/100 DOLLARS ($41,026.49).

**J.**

12. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

s/Michael C. Black

MICHAEL C. BLACK
CASSIDY & BLACK PA
7700 N. KENDALL DRIVE, SUITE 505
MIAMI, FL 33156
Telephone: (305) 271-8301
Facsimile: (305) 271-8302
E-mail: mblack@marlaw.com

ATTORNEYS FOR PLAINTIFF
TROPICAL FRUIT EXPORT SA

Of Counsel:
DANA K. MARTIN

HILL RIVKINS, LLP

## VERIFICATION

THE STATE OF TEXAS *
*
COUNTY OF HARRRIS *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins, LLP, Texas attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 12th day of May, 2017.

Notary Public, State of Florida
My Commission Expires 3/26/2020

ROSA LANDIN
Notary Public, State of Texas
Comm. Expires 03-26-2020
Notary ID 4267395